FILED
SUPERIOR COURT
OF GUAM

2019 MAR 18 AM 9: 46

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| KEVIN ANTHONY GUERRERO,<br><br>     Petitioner,<br><br>vs.<br><br>ALBERTO ANTHONY LAMORENA,<br>Director – Department of Corrections in his<br>Individual Capacity,<br><br>     Respondent. | SPECIAL PROCEEDIGNS<br>CASE NO. SP0122-17<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on December 28, 2018, for Evidentiary Hearing on Petitioner Kevin Anthony Guerrero's ("Guerrero") Petition for Writ of Habeas Corpus. Present were Petitioner with counsel Jeffrey A. Moots and Assistant Attorney General James C. Collins on behalf of Respondent Alberto Anthony Lamorena. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

Guerrero was indicted in Superior Court of Guam Criminal Case No. CF0595-14 with the following charges: (1) Theft of a Motor Vehicle (As a Second Degree Felony); (2) Theft By Receiving (As a Second Degree Felony); (3) Burglary to a Motor Vehicle (As a Second Degree Felony); (4) Theft (As a Second Degree Felony); (5) Fraudulent Use of a Credit Card (As a Misdemeanor); and (6) Eluding a Police Officer (As a Misdemeanor). (Superseding Indictment,

Dec. 23, 2014). The Superseding Indictment also charges Guerrero with a Special Allegation: Commission of a Felony While on Felony Release for the felony offenses. *Id.*

After a jury trial, Guerrero was acquitted of the charges of Theft of a Motor Vehicle (As a Second Degree Felony) and Burglary to a Motor Vehicle (As a Second Degree Felony), and was convicted of the charges of Theft by Receiving (As a Second Degree Felony); Theft (as a Misdemeanor), *as a lesser-included offense of* Theft (As a Second Degree Felony); Fraudulent Use of a Credit Card (As a Misdemeanor); Eluding a Police Officer (As a Misdemeanor), and a Special Allegation of Commission of a Felony While on Felony Release. (Corrected Judgment, May 25, 2016). Guerrero's convictions were affirmed by the Supreme Court of Guam on appeal. *See People v. Guerrero*, 2017 Guam 4. However, the Supreme Court declined to reach the merits of Guerrero's ineffective assistance of counsel claim, finding it "best brought in a habeas corpus proceeding . . . [since] the record [was] not sufficient to make a finding . . . in his appeal." *Id.* at ¶ 66. Guerrero subsequently filed the instant Petition for Writ of Habeas Corpus on August 22, 2017.

On December 28, 2018, the Court heard sworn testimony from Guerrero's trial counsel, former Assistant Public Defender Brian Kegerreis ("Attorney Kegerreis"), and from Guerrero himself.

## DISCUSSION

Guerrero seeks for habeas corpus relief based on ineffective assistance of counsel. *See generally*, Petition, Aug. 22, 2017. A defendant's right to effective assistance of counsel derives from the Sixth Amendment, which provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. "The Sixth Amendment right to counsel is the right to have effective assistance of counsel." *People v. Meseral*, 2014 Guam 13 ¶ 44 (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). Guerrero bears the burden of proof to demonstrate that his trial counsel was constitutionally inadequate. *See Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1992).

Under *Strickland*, a two-part test is "employed to determine whether a defendant was denied the effective assistance of counsel." *Meresal*, 2014 Guam 13 ¶ 44 (citing *People v. Ueki*,

1999 Guam 4). To prove ineffective assistance of counsel, the defendant "must establish that counsel's performance was deficient; then he must show that such deficiency prejudiced his defense so as to deprive him of a fair trial. The benchmark for judging any claim of ineffectiveness is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at ¶ 45 (quoting Strickland, 466 U.S. at 686-87).

Here, Guerrero argues that his Attorney Kegerreis was "deficient" under the first prong of the ineffective assistance of counsel test because Kegerreis failed to adequately prepare for the case or call a person named Michael Guzman Jr. as a witness in Guerrero's favor during trial. Attorney Kegerreis was unable to recall at the Evidentiary Hearing when his first time meeting Guerrero was, nor when he discussed trial strategy with him.

Guerrero argues that Guzman was involved with the Ford Fusion Guerrero was accused of stealing and should have been called as a witness trial. For Attorney Kegerreis to have been "deficient" as trial counsel there must be a Guzman whom Attorney Kegerreis could have called as a witness to testify on Guerrero's behalf, but failed to do so. From Mr. Kegerreis' testimony and the record at trial, Guzman was unable to be located by either the defense or the People of Guam at that time. Further, while the existence of Guzman is the primary issue of the instant petition filed in 2017, no further evidence has been presented that he actually exists, except for Guerrero's testimony at the Evidentiary Hearing. A "deficiency" cannot be demonstrated without affirmative evidence concerning what the alleged "missing witness" could have added to a defendant's defense at trial. *See, e.g., Parks v. Carey*, 100 Fed. Appx. 611, 613 (9th Cir. 2004) ("Courts routinely reject ineffective assistance claims based on a failure to investigate where the petitioner fails to demonstrate what further investigation would have revealed.").

Even if Guzman exists and was located in time for the jury trial, there has been no demonstration that he would actually agree to come into court and testify on Guerrero's behalf. *See e.g., Battle v. Armontrout*, 814 Supp. 1412, 1419 (E.D. Mo. 1993) ("it is the movant's burden to establish that the witness could be located through reasonable investigation, that he would have testified if he had been called as a witness, and that his testimony would have

provided a viable defense."). Guerrero argues that Guzman committed the theft of the Ford Fusion; thus at trial, he would be questioned on such issue. Guzman could then invoke his right under the Fifth Amendment to remain silent to prevent his own exposure to any criminal liability. Guerrero has not demonstrated that calling Guzman, if found, would actually be able to assist his case at trial; therefore it cannot be said that Attorney Keggereis was "deficient" in failing to call Guzman as a witness, and Guerrero fails to meet the first prong of the *Strickland* test.

Lastly, Guerrero was acquitted of the charge of Theft of a Motor Vehicle (As a Second Degree Felony), the offense that he alleges that Guzman is guilty of. Guerrero implicates Guzman as the person who stole the Ford Fusion from Guam Auto Spot on November 16, 2014. Although he was convicted of the charge of Theft by Receiving (As a Second Degree Felony) based on his possession of the car two days later, Guerrero testified at trial that Guzman's involvement in the case was allowing Guerrero to borrow the vehicle, which Guzman already had in his possession on November 18, 2014. Guerrero testified that he did not inspect the new vehicle, and did not question why Guzman, who was described as unemployed and recently operating a different motor vehicle, was in possession of the Ford Fusion. *See* Jury Trial Tr. at 108-121; 127-28, Jan. 6, 2015. Guerrero admitted that he fled from the police when they tried to effectuate a traffic stop. *Id.* at 123-26. Therefore, Guerrero cannot demonstrate that he was "prejudiced" by Guzman not being called to testify in his case. *See Harrington v. Richter*, 562 U.S. 86 (2011) ("With respect to prejudice, a challenger must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."); *Romero v. Morgan*, 271 F.Appx 673, 674-75 (9th Cir. 2008) (finding no prejudice where defendant was acquitted of certain charges); *United States v. Maisonet*, 45 F.Appx 74, 76 (2d Cir. 2002) (finding no prejudice where evidence not produced related to charges for which defendant was acquitted of). As Guerrero has not met either prong of the *Strickland* test in this matter, the Court must DENY the Petition for Writ of Habeas Corpus.

//

//

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Petition for Writ of Habeas Corpus.

MAR 18 2019

**IT IS SO ORDERED** this _____ day of March, 2019.

_____

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the
original hereto was placed in the
court box of:

Cunliffe & Cook
Atty General Prosecution
Date: 3/8/19 Time: 9:5 an
Linda M. Perez
Deputy Clerk, Superior Court of Guam

*Guerrero v. Lamorena*
Case No. SP0122-17
Decision and Order